**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHARLES PATTERSON** | * | **CIVIL ACTION NO. 26-2510** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **JUDY DOMINIC-CHENIER and DANA BURKHART** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |

* * * * * * * *

## ORDER & REASONS

Before the Court is a Motion to Appoint Counsel filed by Plaintiff Charles Patterson. R. Doc. 7. Patterson, proceeding *pro se*, filed the above-captioned action against two supervisors at his place of employment, Southeastern Louisiana Veterans Healthcare System, R. Doc. 1 at 2–3. Patterson alleges that Defendants failed to promote him and retaliated against him due to his prior complaints. *Id.* at 4–6. Patterson's Complaint states that he is a veteran and a person with a disability, but does not clarify which federal law he brings this case under. *See id.* at 3.

There is no absolute right to court-appointed counsel in civil cases. *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011). Rather, a *pro se* plaintiff must demonstrate that the appointment of counsel is appropriate under the circumstances. *Id.* The governing test depends on the claims asserted. If the action is brought under Title VII, courts analyze a request for counsel by considering the following factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). If the plaintiff raises a different type of employment discrimination claim, they must demonstrate that "exceptional circumstances" warrant the appointment of counsel. *See Bravo v. Kendall*, No. 5-22-CV-01186-JKP-RBF, 2022 WL 23043275, at *1 (W.D. Tex. Dec. 8, 2022); *Kim v. Bible Study Fellowship*, No. 5-22-CV-01142-FB-RBF, 2022 WL 23045416, at *1 (W.D. Tex. Dec. 13, 2022).

In evaluating whether such exceptional circumstances exist, courts consider the following: "(1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting and investigating his case; and (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted)

At present, the Court is unable to determine whether the appointment of counsel is appropriate. Patterson's Complaint is silent as to the claims asserted, and his motion provides no justification for the appointment of counsel. The Court will allow Patterson to refile his motion. In his refiled motion, Patterson should clarify the following information: (1) what federal law or laws does Patterson believe Defendants violated; (2) what did Defendants do that violated federal law; (3) what efforts has Patterson made to retain an attorney; (4) what is Patterson's highest level of education; (5) any other information explaining Patterson's need for court-appointed counsel. Accordingly;

**IT IS ORDERED** that the Motion, R. Doc. 7, is **DENIED**, *without prejudice* to Patterson's right to refile the motion in accordance with the instructions above.

New Orleans, Louisiana, this 9th day of November, 2026.

THE HONORABLE ELDON E. FALLON